IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BRAD DAVIS,

    Petitioner,

v.                                                 Civ. No. 1:13-cv-01225-JDB-egb
                                                         Civ. No. 16-cv-01071-JDB-egb
                                                         Cr. No. 1:07-cr-10063-JDB-1

UNITED STATES OF AMERICA,

    Respondent.

---

ORDER DISMISSING § 2241 MOTION,
DENYING MOTIONS FOR COUNSEL,
AND
TAKING § 2255 MOTION UNDER ADVISEMENT

---

Before the Court is the motion of Petitioner, Brad Davis, to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, filed in civil case number 13-cv-1225 ("§ 2255 Petition"), as well as Petitioner's motions for appointment of counsel. (2255 Pet., *Davis v. United States*, No. 13-cv-1225 (W.D. Tenn.) ("2255 Case"), ECF No. 1; First Mo. Counsel, 2255 Case, ECF No. 8; Second Mo. Counsel, 2255 Case, ECF No. 12.) Also before the Court is the inmate's motion for sentencing relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which was filed as a petition under 28 U.S.C. § 2241 in civil case number 16-cv-1071 ("§ 2241 Petition"). (2241 Pet., *Davis v. United States*, No. 16-cv-1071 (W.D. Tenn.) ("2241 Case"), ECF No. 1.)

The Court construes the § 2255 Petition as asserting a timely *Johnson* claim and DISMISSES the § 2241 Petition.[1] For the following reasons, the § 2255 Petition is TAKEN

---

[1] Because Davis could have raised the *Johnson* issue in his pending § 2255 proceeding, the claim was not properly brought by way of a § 2241 petition. *See Brown v. Warden*, No. 15-CV-88-HRW, 2015 WL 6702451, at *4 (E.D. Ky. Nov. 3, 2015) (stating that generally, "a habeas corpus petition under § 2241 is not a proper method to assert a *Johnson* claim"). Dismissal of the § 2241 petition is therefore appropriate. *See id.* at *6 (dismissing § 2241

1

UNDER ADVISEMENT. The motions for counsel are DENIED as moot. The Court will allow Respondent, United States of America, an opportunity to supplement the record.

## PETITIONER'S CRIMINAL PROCEEDINGS

On May 14, 2007, Davis was indicted by a federal grand jury with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Indict., *United States v. Davis,* No. 1:07-cr-10063 (W.D. Tenn.) ("Cr. Case"), ECF No. 1.) The Court appointed the Federal Public Defender's Office to represent him, (Order, Cr. Case, ECF No. 8), and on April 30, 2009, he entered a plea of guilty to the sole count of the indictment. (Ch. Plea Order, Cr. Case, ECF No. 55.)

Based on three Tennessee convictions for evading arrest, an adult conviction for aggravated assault, a juvenile conviction for aggravated robbery, and a juvenile conviction for aggravated assault, Davis was determined to be an armed career criminal subject to a mandatory minimum sentence of 15 years' incarceration under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (Presentence Report ("PSR") at pgs. 7, 14, 19, 21, 33.) The Court imposed a sentence of 212 months' incarceration, five years of supervised release, and a $100 assessment. (Judgment, Cr. Case, ECF No. 81.)

---

petition that asserted *Johnson* claim where § 2255 petition was still pending). Notably, and to its credit, Respondent has not objected to the Court's resolution of the *Johnson* issue, despite Petitioner's misstep. In fact, the government addressed the *Johnson* issue in its supplemental response to the § 2255 Petition. (Suppl. Resp, 2255 Case, ECF No. 14 at 5-7.) Therefore, the Court's treatment of the § 2255 Petition as asserting a claim under *Johnson* does not prejudice the government, and properly reflects the course of the § 2255 litigation. *See* Fed. R. Civ. P. 15 (b)(2) ("When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings."); *Owens v. Tally*, 815 F.2d 79 (6th Cir. 1987) (per curiam) (table decision) (rejecting defendant's argument that district court improperly assisted *pro se* plaintiff by, among other things, *sua sponte* amending the complaint to conform to the proofs).

The defendant timely appealed his sentence. *See United States v. Davis*, 483 F. App'x 998 (6th Cir. 2012.). He argued that "his juvenile convictions should [not] qualify as violent felonies" under the ACCA and that the district court erred in finding that his three Class E felony evading arrest convictions qualified him for sentencing as an armed career criminal. *Id.* at 999. The Sixth Circuit affirmed the sentence, holding that the three evading arrest convictions constituted violent felonies under the ACCA's residual clause. *Id.* The court therefore found it "unnecessary" to decide whether the juvenile convictions qualified as violent felonies. *Id.*

## PETITIONER'S COLLATERAL REVIEW FILINGS

Petitioner filed his § 2255 Petition on July 31, 2013, asserting the following claims for relief:

1. Claim 1: Petitioner's sentence was improperly enhanced under the ACCA based on the Supreme Court's rulings in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

2. Claim 2: Petitioner's trial counsel rendered ineffective assistance by failing to advise him that his sentence could be enhanced under the ACCA.

(2255 Pet., 2255 Case, ECF No. 1 at 3, 11.) Petitioner asks that his sentence be vacated and that he be resentenced "without the ACCA enhancement." (*Id.* at 18.)

Respondent, United States of America, filed its response to the 2255 Petition on December 17, 2013. (2255 Resp., 2255 Case, ECF No. 6.) Davis replied on February 19, 2014, (2255 Reply, 2255 Case, ECF No. 7), and subsequently filed two motions for appointment of counsel. (First Mo. Counsel, 2255 Case, ECF No. 8; Second Mo. Counsel, 2255 Case, ECF No. 12.)

On April 11, 2016, Petitioner filed his § 2241 Petition, which was docketed as the case-initiating pleading in a separate civil suit. (2241 Pet., 2241 Case, ECF No. 1.) By his § 2241

Petition, the inmate requested that his sentence be reduced pursuant to the Supreme Court's decision in *Johnson*, 135 S. Ct. at 2551. (2241 Pet., 2241 Case, ECF No. 1 at 2.)

The Court subsequently ordered the government to file a supplemental response to Davis's 2255 Petition to address the then-recent Sixth Circuit decision in *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016). (Order, 2255 Case, ECF No. 13.) The supplemental response was filed on July 11, 2016. (Suppl. Resp., 2255 Case, ECF No. 14.)

On August 10, 2016, the Court appointed counsel to assist Petitioner with his claim under *Johnson*. (Order, 2241 Case, ECF No. 8).[2] The probation officer subsequently submitted a letter to the parties and the Court in which he opined that, even after *Johnson*, Petitioner still qualifies for an enhanced sentence under the ACCA based on three of his prior convictions. Appointed counsel filed an objection to the letter, disagreeing with the officer's opinion and arguing that Petitioner's juvenile offense of aggravated assault is not clearly a conviction for the intentional, rather than reckless, variant of that crime. (Pet. Resp., 2241 Case, ECF No. 9 at 3-4.) The Court ordered the government to reply to counsel's argument (Order, 2241 Case, ECF No. 14), which it did on June 26, 2017 (Reply, 2241 Case, ECF No. 15).

## DISCUSSION

In his claim under *Johnson*, Petitioner argues that his Class E felony evading arrest convictions no longer qualify as predicate convictions for purposes of enhancing his sentence under the ACCA. (Pet. Resp., 2241 Case, ECF No. 9 at 3-4.) He contends that, without those convictions, he is left with an insufficient number of qualifying convictions for enhancement, as his juvenile conviction for aggravated assault is not a violent felony under the ACCA. (*Id.*) Respondent does not dispute that the evading arrest offenses do not qualify as violent felonies

---

[2] The motions for appointment of counsel are therefore DENIED as moot.

4

after *Johnson*. (Reply, 2241 Case, ECF No. 15 at 4-5; Supp. Resp., 2255 Case, ECF No. 14 at 4-7.) It insists, however, that Petitioner has the necessary three offenses for ACCA enhancement, which include his juvenile aggravated assault conviction. (Reply, 2241 Case, ECF No. 15 at 6-14; Supp. Resp., 2255 Case, ECF No. 14 at 4-7.)

The Court concludes that the state records pertaining to Petitioner's juvenile conviction for aggravated assault do not establish that the conviction qualifies as a predicate offense under the ACCA. The Court will allow Respondent an opportunity to expand the record. Because the relief sought in Claims 1 and 2 is the same as that sought by the *Johnson* claim (*i.e.*, resentencing without enhancement under the ACCA), the Court does not address those claims at this time.[3]

## Legal Standards

A. § 2255 Standard of Review

Davis seeks habeas relief in this case pursuant to 28 U.S.C. § 2255(a). The statute reads as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

A prisoner seeking to vacate his sentence under § 2255 "must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). An allegation that

---

[3] If the Court grants relief under *Johnson* after Respondent is given an opportunity to expand the record, Claims 1 and 2 will be moot.

the defendant's sentence was improperly enhanced under the ACCA states a claim under § 2255. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012).

B. The Residual Clause and *Johnson*

Generally, a person convicted of being a felon in possession of a firearm is subject to a sentence of zero to ten years in prison. 18 U.S.C. § 924(a)(2). Under the ACCA, however, a person who is convicted of being a felon in possession of a firearm and who has "three previous convictions . . . for a violent felony or a serious drug offense . . . committed on occasions different from one another . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1).

"[V]iolent felony" is defined as

> "any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]"

18 U.S.C. § 924(e)(2)(B). Subsection (i) is known as the "use-of-force" clause. *United States v. Priddy*, 808 F.3d 676, 686 (6th Cir. 2015), *abrogated on other grounds*, *United States v. Stitt*, 860 F.3d. 854 (6th Cir. 2017). The first part of subsection (ii) is the "enumerated-offense clause," while the phrase "otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause." *Johnson*, 135 S. Ct. at 2556.

In *Johnson*, the Supreme Court held that the residual clause is unconstitutionally void for vagueness. *Id.* at 2557. Therefore, an enhanced sentence under the residual clause violates due process as guaranteed by the Fifth Amendment. *Id.*

C. Use-of-Force and Enumerated Offenses

The Sixth Circuit has made clear that *Johnson* only invalidated the ACCA's residual clause. *See Priddy*, 808 F.3d at 683. A defendant, therefore, "can still receive an ACCA-enhanced sentence based on the statute's use-of-force clause or enumerated-offense clause." *Id.* For purposes of the use-of-force clause, "'[p]hysical force'" means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

A court is to employ a multi-step analysis for determining whether the defendant's prior conviction qualifies as a violent felony under either of those clauses. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013). The court must first apply a "'categorical' approach, by which it "'look[s] only to the statutory definitions'—*i.e.*, the elements—of a defendant's prior offense[], and *not* 'to the particular facts underlying those convictions.'" *Id.* (quoting *Taylor v. United States,* 495 U.S. 575, 600 (1990)). If the court finds that the statute is "indivisible"— meaning, it describes a single crime—it must then determine whether the statute matches the generic version of an enumerated offense or necessarily involves the use, attempted use, or threatened use of physical force. *Mathis v. United States*, 136 S. Ct. 2243, 2248, 2253 (2016).

If, on the other hand, the court finds that the statute is "divisible," that is, it defines more than one crime, and if the "statute 'could be violated in a way that would constitute a crime of violence and in a way that would not,'" the court is to apply the "modified categorical approach." *United States v. Gooch*, 850 F.3d 285, 291 (6th Cir. 2017) (quoting *United States v. Rafidi*, 829

7

F.3d 437, 444 (6th Cir. 2016)). Under that approach, the court may consider a narrow set of documents from the defendant's criminal case "'to determine whether the conviction necessarily depended on the commission of a'" violent felony. *Rafidi*, 829 F.3d at 444 (quoting *United States v. Rede-Mendez*, 680 F.3d 552, 556 (6th Cir. 2012)). The so-called "Shepard" documents may include "the indictment, jury instructions, . . . plea agreement[,] and colloquy." *Mathis*, 136 S. Ct. at 2249 (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005))

There may be cases where the Shepard documents do not identify the offense of conviction "with certainty." *United States v. McMurray*, 653 F.3d 367, 381 (6th Cir. 2011). *See also Johnson*, 559 U.S. at 145 ("[A]bsence of [Shepard] records will often frustrate application of the modified categorical approach."). If, in such a circumstance, the court cannot rule out the possibility that the defendant was convicted of a variant of the crime that does not constitute a violent felony, the conviction will not qualify as a predicate for sentence enhancement. *See, e.g.*, *McMurray*, 653 F.3d at 378, 381 (finding that where Shepard documents did not narrow the offense of conviction, possibility that defendant was convicted of reckless form of aggravated assault was not excluded); *Mitchell v. United States*, -- F. Supp. 3d --, No. 99-cr-20272, 2017 WL 2861805, at *16 (W.D. Tenn. July 5, 2017) (stating that where "the Shepard documents [were] unclear, it [was] possible that [the petitioner's] conviction" for Tennessee aggravated assault "could have been based on reckless conduct").

D. Convictions Based on Guilty Pleas in Juvenile Delinquency Proceedings

In those instances where the defendant's prior conviction resulted from a guilty plea, the modified categorical approach asks "'whether the [Shepard] documents establish that the defendant 'necessarily admitted' the elements of a predicate offense through his plea.'" *United States v. Medina-Almaguer*, 559 F.3d 420, 423 (6th Cir. 2009)) (quoting *Shephard*, 544 U.S. at

8

16). In other words, convictions resulting from guilty pleas "can be predicate offenses for purposes of the ACCA if 'the *Shepard* documents demonstrate with certainty that [the defendant] pleaded guilty to a narrowed charge that would qualify as a violent felony.'" *United States v. Joy*, 658 F. App'x 233, 236 (6th Cir. 2016) (quoting *McMurray*, 653 F.3d at 381) (internal quotation marks omitted).

*Shepard* documents from a juvenile proceeding that involved a guilty plea may include the "the charging documents, and the juvenile judge's order of adjudication." *United States v. White*, 455 F. App'x 647, 652 (6th Cir. 2012). A Tennessee juvenile court "petition" is a charging document. *See* Tenn. Code Ann. § 37-1-108 (establishing that a juvenile proceeding "may be commenced . . . by the filing of a petition"). A court may therefore look to such a petition, and the factual recitation therein, to determine the offense of conviction. *White*, 455 F. App'x at 653-54; *United States v. Wells*, 473 F.3d 640, 649 (6th Cir. 2007) (suggesting that the "factual recitation" contained in a juvenile court petition "could well . . . justif[y] treating [a] juvenile adjudication as a predicate offense for armed career criminal purposes.").

### **Davis's *Johnson* Claim**

As noted, Petitioner was sentenced as an armed career criminal pursuant to the ACCA. His qualifying offenses were three Class E felony evading arrest convictions, deemed by the Sixth Circuit to be violent felonies under the residual clause. *Davis*, 483 F. App'x at 999. Those convictions no longer qualify as violent felonies post-*Johnson*. *See United States v. Holder*, 612 F. App'x 838, 839 (6th Cir. 2015) ("It is plain that Holder's evading arrest conviction is no longer a violent felony under the ACCA" in light of *Johnson*.). Thus, the question before the Court is whether Davis's remaining convictions—an adult conviction for Class C aggravated assault and judgments of juvenile delinquency for aggravated robbery and aggravated assault—

9

qualify as crimes of violence under the ACCA. If they do, Petitioner is not entitled to resentencing.

Davis does not dispute that his adult conviction for Class C felony aggravated assault and his juvenile conviction for aggravated robbery are violent felonies under the ACCA. (Pet. Resp., 2241 Case, ECF No. 9 at 3-4.) *See* Tenn. Code Ann. § 39-12-102 (eff. June 12, 1995) (intentional aggravated assault is a Class C felony); *United States v. Southers*, No. 15-6395, -- F.3d --, 2017 WL 1857272, at *2 (6th Cir. May 8, 2017) (stating that *Mitchell* remains controlling law in the Sixth Circuit); *Braden v. United States*, 817 F. 3d 926, 933 (6th Cir. 2016) (confirming that Tennessee intentional aggravated assault is a violent felony); *United States v. Mitchell*, 743 F.3d 1054, 1060 (6th Cir. 2014) (finding that robbery under Tennessee law is categorically a violent felony under the ACCA's use-of-force clause).

Instead, the inmate challenges the classification of his juvenile conviction for aggravated assault as a predicate conviction under the ACCA's use-of-force clause.[4] Relying on *McMurray*, 653 F.3d at 375, he argues that his juvenile aggravated assault conviction does not qualify as a violent felony because it is not clear from the state court record whether he pleaded guilty to reckless aggravated assault or intentional aggravated assault. (Pet. Resp., 2241 Case, ECF No. 9 at 3-4.) In *McMurray*, the Sixth Circuit "conclude[d] that the 'use of physical force' clause of the ACCA requires more than reckless conduct." 653 F.3d at 375 (internal citation omitted). The court therefore held that Tennessee reckless aggravated assault involving "serious bodily injury" is not categorically a violent felony under the use-of-force clause. *Id.* at 375-76.

Citing *Braden*, 817 F.3d at 933, the government counters that the state court record shows that Davis was convicted of intentional aggravated assault with a deadly weapon, which is

---

[4] "[A]ggravated assault is not an enumerated crime" under the ACCA. *McMurray*, 653 F.3d at 373.

categorically a violent felony under the ACCA's use-of-force clause. (Supp. Resp., 2255 Case, ECF No. 14 at 6). Respondent also argues, in the alternative, that even if Petitioner was convicted of reckless aggravated assault, reckless conduct may qualify as a crime of violence under the Supreme Court's recent decision in *Voisine v. United States*, 136 S. Ct. 2272 (2016). (Reply, 2241 Case, ECF No. 6-10.)

The Tennessee aggravated assault statute in effect at the time Petitioner was charged and convicted provided, in pertinent part:

>   (a)   A person commits aggravated assault who:
>       (1) Intentionally or knowingly commits an assault as defined in Section 39-13-101 and:
>           (A) Causes serious bodily injury to another; or
>           (B) Uses or displays a deadly weapon; or
>       (2) Recklessly commits an assault as defined in Section 39-13-101(a)(1), and:
>               (A) Causes serious bodily injury to another; or
>               (B) Uses or displays a deadly weapon.
>   * * *
>   (d)   Aggravated assault under subsection (a)(1) . . . is a Class C felony.
>         Aggravated assault under subsection (a)(2) is a Class D felony.

Tenn. Code Ann. § 39-12-102 (eff. June 12, 1995).

Section 39-13-101 provided, in relevant part:

>   (a)    A person commits assault who:
>       (1) Intentionally, knowingly or recklessly causes bodily injury to another;
>       (2) Intentionally or knowingly causes another to reasonably fear imminent bodily injury; or
>       (3) Intentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive.

Tenn. Code Ann. § 39-12-101 (eff. 1990).

Subsection 102(a) of the Tennessee aggravated assault statute "is divisible into two crimes: aggravated assault in violation of (a)(1)," which is intentional assault with aggravating

11

factors, and "aggravated assault in violation of (a)(2)," which is reckless assault with aggravating factors. *United States v. Perez-Silvan*, 861 F.3d 935, 841 (9th Cir. 2017) (applying modified categorical approach to defendant's prior conviction for aggravated assault under Tennessee statute). As noted, the Sixth Circuit has held that the reckless form of aggravated assault does not qualify as a violent felony under the ACCA's use-of-force clause, *see McMurray*, 653 F.3d at 375, whereas the intentional form does, *see Braden*, 817 F.3d at 933. The Court must therefore apply the modified categorical approach to determine the crime to which Davis pleaded guilty. *See id.* ("[T]he Tennessee aggravated assault statute . . . [Tennessee Code Annotated 39-13-102][,] is a divisible statute, and therefore, the modified categorical approach is applicable.").

The qualifying Shepard documents from Davis's juvenile case submitted by the government at sentencing are the juvenile petition and the judgment of delinquency, which also contains Davis's guilty plea.

The juvenile court petition dated October 26, 1995, states that Davis:

. . . stands accused of AGGRAVATED ASSAULT when on September 30, 1995, he did hit one Brian Moore in the face around his mouth with a gun he held in his hand. Said incident did occur on North Lafayette/West Cherry Street, Brownsville, Haywood County, Tennessee."

(Juv. Pet., 2241 Case, ECF No. 9-1 at 1.)

The one-page judgment is dated November 13, 1995, and is signed by the judge of the juvenile court. (*Id.* at 2.) Davis is sentenced to a "[d]eterminate commitment until age 19." (*Id.*) The space below the judge's signature is titled "Plea," and reads "I, Brad Davis plead guilty to the charge of AGGRAVATED ASSAULT." (*Id.*) The plea is signed by Davis. Below the defendant's signature is a copy of a document titled "Juvenile Petition" with docket page and book numbers, showing that Davis was charged with "AGGRAVATED ASSAULT" and that a

12

court date was set for November 13, 1995. Below that appears the "Waiver of Attorney," which was signed by the judge, Davis's mother, and Davis. (*Id.*)[5]

The Shepard materials do not provide sufficient information for the Court to determine "with certainty," *McMurray*, 653 F.3d at 381, the variant of aggravated assault which was the basis for Petitioner's conviction. If the juvenile petition had "track[ed] the language" of a statutory subsection, it might have shed light on the *mens rea* of the underlying assault or on the particular variant of aggravated assault charged. *White*, 455 F. App'x at 653-54 (stating that where, although juvenile petition contained factual allegations of both use of a gun and bodily injury—*i.e.*, defendant "hit [the victim] in the mouth with [a] gun and caused an injury requiring stitches"—conviction was for intentional aggravated assault with a deadly weapon; petition "track[ed] the [statutory] language" for intentional aggravated assault with a deadly weapon and "clearly identifie[d] the gun as the reason for seeking an aggravated assault charge"). But the petition here does not use statutory language, or even cite to the statute. In addition, because the petition charges juvenile delinquency, it does not narrow the charge to intentional aggravated assault by specifying whether the crime is a Class C or Class D felony. *See* Tenn. Code Ann. § 39-12-102 (eff. June 12, 1995) (stating that intentional aggravated assault is a Class C felony and reckless aggravated assault is a Class D felony); *United States v. Cooper*, 739 F.3d 873, 881 (6th Cir. 2014) (noting that although indictment mentioned all forms of *mens rea*, it narrowed the conviction to intentional aggravated assault by charging "Class C felony").

---

[5] On direct appeal from his federal conviction, Davis argued, in part, that his juvenile convictions do not qualify as predicate offenses under the ACCA because the juvenile court documents do not show that he knowingly waived his right to an attorney. (*See* Appellant Br., *United States v. Davis*, Case No. 10-5438, ECF No. 30 at 2.) Because the Sixth Circuit held that Petitioner's evading arrest convictions were violent felonies, it declined to reach the waiver issue. *See Davis*, 483 F. App'x at 999.

13

Despite the paucity of information in the Shepard documents, Respondent nevertheless urges the Court to conclude that Petitioner pleaded guilty to the intentional version of aggravated assault based on what the juvenile petition *does not* say: that the victim suffered bodily injury. The government points out that reckless assault under § 39-13-101(a)(1), which is the basis for aggravated reckless assault under § 39-13-102(a)(2), requires that the perpetrator have caused "bodily injury." (Reply, 2241 Case, ECF No. 15 at 13.) Respondent posits that, because Davis's plea was to a charge that does not mention bodily injury, his conviction was not for reckless assault, and was thus for intentional or knowing aggravated assault. (*Id.*)

The government's argument has some logical appeal, but must be rejected. The premise advanced—that Davis necessarily admitted to intentional or knowing aggravated assault—rests upon a negative inference drawn from a thin *Shepard* record. The Sixth Circuit made clear in *McMurray* that, in the context of a guilty plea, the defendant must have admitted to a particular fact or the fact must have been "'inherent in the fact of [the] . . . conviction." 653 F.3d at 377. Here, Petitioner necessarily admitted to hitting the victim in the mouth with a gun and to committing an aggravated assault. The government gets to heightened *mens rea* only by inferring an absence of bodily injury from the juvenile petition's failure to mention it, and not by pointing to any affirmative fact to which Davis admitted by his guilty plea or to something inherent in the conviction for "aggravated assault." *See e.g.*, *Davis v. United States*, No. 3:01-CR-38-RLJ-HBG-1, 2017 WL 1380558, at *4 (E.D. Tenn. Apr. 17, 2017) (concluding that where Shepard materials showed only that the petitioner was "charg[ed] . . . with 'shooting' someone with a 'deadly weapon' and [was] convict[ed] . . . of '[Tennessee] aggravated assault,'" "the possibility that . . . [the] conviction[] involved reckless—as opposed to intentional or knowing—conduct" was not "foreclose[d]."); *see also United States v. Ossana*, 638 F.3d 895,

903-04 (8th Cir. 2011) (concluding that where the absence of injury to the victim "would [have] eliminate[d] the possibility of a conviction based upon mere recklessness," court would not draw an inference of lack of injury from the mere fact that the sparse *Shepard* materials did not mention injury, and remanding for expansion of the *Shepard* record).

It is possible that an expanded *Shepard* record here could warrant the inference that Petitioner did not plead guilty to causing bodily injury and that he therefore necessarily pleaded guilty to the intentional variant of aggravated assault. *See, e.g.*, *Ossana*, 679 F.3d at 736 (affirming, on appeal after remand, district court's determination that conviction was for intentional assault where additional *Shepard* material warranted negative inference that victim was not injured). Or maybe additional *Shepard* material would shed light on the exact nature of Petitioner's conviction in a direct way, without reliance on a negative inference. On the record the government has produced to date, however, the Court cannot determine with certainty the nature of Petitioner's aggravated assault conviction. *See e.g., Mitchell*, 2017 WL 2861805, at *16 ("[B]ecause the *Shepard* documents are unclear, it is possible that Mitchell's [Tennessee aggravated assault] conviction could have been based on reckless conduct.").

Respondent insists, in the alternative, that even if Petitioner was convicted of reckless aggravated assault, reckless conduct may qualify as a crime of violence under the Supreme Court's recent decision in *Voisine*, 136 S. Ct. at 2272. It asks the Court to abandon application of *McMurray*, 653 F.3d at 375, in light of *Voisine*. (Reply, 2241 Case, ECF No. 15 at 4-10.)

The issue in *Voisine* was whether a misdemeanor assault conviction based on reckless conduct qualifies as a "misdemeanor crime of violence," for purposes of 18 U.S.C. § 922(g)(9). 136 S. Ct. at 2277-78. Section 922(g)(9) prohibits possession of a firearm by a person convicted of a "misdemeanor crime of violence." 18 U.S.C. § 922(g)(9). In language identical, in part, to

15

that found in the use-of-force clause of 18 U.S.C. § 924(e)(2)(B)(i), the statute defines a misdemeanor crime of violence as a misdemeanor "involv[ing] 'the use . . . of physical force.'" *Voisine*, 136 S. Ct. at 2276 (quoting 18 U.S.C. § 921(a)(33)(A)) (alterations in original). "[R]elying on a combination of the statutory text, legislative history, and practical concerns," the Court in *Voisine* held that "'misdemeanor assault convictions for reckless (as contrasted to knowing or intentional) conduct trigger the statutory firearms ban' found in § 922(g)(9)." *Davis*, 2017 WL 1380558, at *5 (quoting *Voisine*, 136 S. Ct. at 2276, 2278-82).

The government argues that *Voisine*'s ruling as to the use-of-force clause in § 921(a)(33)(A) effectively abrogates *McMurray*'s ruling that the use-of-force clause under § 924(e)(2)(B) requires more than reckless conduct. The Court rejects the argument for the reasons set forth in the district court's thorough analysis in *Davis*, 2017 WL 1380558, at *5-10. The Court joins the growing list of "[c]ourts in this circuit . . . [that] have rejected [the] argument." *Mitchell*, 2017 WL 2861805, at *16 (citing *United States v. Buford*, No. 04-20481, 2017 U.S. Dist. LEXIS 69068, at *24 (W.D. Tenn. Apr. 26, 2017)); *Davis*, 2017 WL 1380558, at *2-3, *9; *United States v. Wehunt*, 230 F.Supp.3d 838, 846 (E.D. Tenn. 2017)).

## CONCLUSION

Petitioner's Class E felony evading arrest convictions no longer qualify as predicate convictions under the ACCA and Respondent has not shown that a total of three other prior convictions qualify as crimes of violence. The government is allowed fourteen days to submit additional Shepard material pertaining to Petitioner's juvenile aggravated assault conviction, if it can and if it so desires. Petitioner may file a response within fourteen days of Respondent's

16

submission. The § 2255 Petition is taken under advisement pending further submissions by the parties.

    IT IS SO ORDERED this 9th day of August 2017.

                                                                               <u>s/ J. DANIEL BREEN</u>
                                                                               UNITED STATES DISTRICT JUDGE