IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BRAD DAVIS,

    Petitioner,

    v.                                                                                                   No. 1:13-cv-01225-JDB-egb
                                                                                                        No. 1:07-cr-10063-JDB-1

UNITED STATES OF AMERICA,

    Defendant.

_____

ORDER DISMISSING CASE
_____

    Before the Court is the report of Petitioner, Brad Davis, informing it of the United States Supreme Court's denial of certiorari in *Harper v. United States*, No. 17-7613. (No. 1:07-cr-10063-JDB-1, Docket Entry ("D.E.") 102.) The Court stayed this case pending the resolution of *Harper* on August 24, 2018. (No. 1:13-cv-01225-JDB-egb, D.E. 33.) Because the Court finds the denial of certiorari in *Harper* determinative in Petitioner's civil case, along with the reasons below, the petition is DISMISSED.

    In Claim 1, Petitioner argues that, under *Descamp v. United States*, 570 U.S. 254 (2013), and *Alleyne v. United States*, 570 U.S. 99 (2013), his prior felony convictions no longer qualify as predicate offenses to enhance his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (No. 1:13-cv-01225-JDB-egb, D.E. 1 at 3.) Neither case warrants relief.

    In *Alleyne*, the Supreme Court held that defendants have a Sixth Amendment right to a jury finding of all facts that increase the statutory minimum sentence. *Alleyne*, 570 U.S. at 102. *Alleyne* was decided after Petitioner's conviction became final after direct appeal, but "has not

been made retroactive to cases on collateral review by the Supreme Court." *In re Mazzio*, 756 F.3d 487, 489–90 (6th Cir. 2014). Petitioner's reliance on *Alleyne* is therefore misplaced.

In *Descamp*, "the Supreme Court clarifie[d]" the categorical and modified categorical "approach[es] that sentencing courts must use to determine if a prior conviction is a predicate offense under the ACCA." *United States v. Mitchell*, 743 F.3d 1054, 1063 (6th Cir. 2014). *See Descamp*, 570 U.S. at 261-62. Petitioner essentially reasserted his *Descamp* argument in advancing his *Johnson* claim, insisting that his juvenile aggravated assault conviction did not qualify as an ACCA predicate under the categorical approach. (*See* No. 1:16-cv-01071-JDB-egb, D.E. 9.)[1] Therefore, for the same reason that the Court has denied Petitioner's *Johnson* claim, it rejects that portion of Claim 1 which relies on *Descamp*.

For these reasons, Claim 1 is DENIED.

In Claim 2, Petitioner asserts that his attorney rendered ineffective assistance by advising him that he would receive a sentence in the range of 77–96 months. (No. 1:13-cv-01225-JDB-egb, D.E. 1 at PageID 13.) He insists that he would not have pleaded guilty had he been properly advised of his potential sentencing exposure under the ACCA. (*Id.*, D.E. 1 at PageID 14.) Respondent argues that, even if counsel misadvised her client, Petitioner has not shown that counsel's conduct prejudiced him.[2] (*Id.*, D.E. 6 at PageID 35.)

---

[1] The *Johnson* claim was presented and argued by way of a petition for habeas corpus under 28 U.S.C. § 2241, filed in No. 1:16-cv-01071-JDB-egb. On August 9, 2017, the Court found that the claim could not be brought in a § 2241 petition, and dismissed the case. (No. 1:16-cv-01071-JDB-egb, D.E. 16.) By that same order, the Court construed the § 2255 Petition in the present case as asserting a *Johnson* claim. (*Id.*, D.E. 16 at PageID 65.)

[2] Respondent also argues that Petitioner's attorney did, in fact, advise him that he could receive an enhanced sentence under the ACCA (No. 1:13-cv-01225-JDB-eg, D.E. 6 at PageID 35), but failed to file a supporting affidavit from counsel.

A claim that an attorney's ineffective assistance has deprived a criminal defendant of his Sixth Amendment right to counsel is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on such a claim, a petitioner must demonstrate two elements: (1) "that counsel's performance was deficient"; and (2) "that the deficient performance prejudiced the defense." *Id.* at 687.

To establish prejudice in the plea context, a petitioner must show that if his counsel had not given him erroneous advice, there was a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The reasonable probability test is objective, not subjective; the petitioner "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

Petitioner, here, has not met *Strickland*'s prejudice prong. To begin with, his mere allegation that he would have proceeded to trial but for his attorney's conduct is not enough to meet the objective prejudice test. *See Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012) ("Pilla cannot make [the prejudice] showing merely by telling us now that she would have gone to trial then if she had gotten different advice. The test is objective, not subjective . . . .").

In addition, the colloquy at the change-of-plea hearing "cured any misunderstanding" that Petitioner "may have had about the consequences of his plea." *Ewing v. United States*, 651 F. App'x 405, 410 (6th Cir. 2016). This Court advised Davis what his sentencing exposure would be "if it [were] determined that [he had] three prior violent felonies or serious drug offense convictions." (No. 1:07-cr-10063-JDB-egb, D.E. 92, at PageID 292.) The Court asked him twice if he understood the possible penalties, and he responded "Yes, sir." (*Id.*, D.E. 92 at PageID 293.) When asked if anyone had promised or predicted what his sentence would be, he

stated under oath "No, sir." (*Id.*, D.E. 92 at PageID 296-97.) Petitioner has not submitted any evidence to undermine his sworn testimony. He has therefore failed to establish a reasonable probability that, but for counsel's alleged deficient performance, he would not have pled guilty and would have insisted on going to trial.

For these reasons, Petitioner has not shown that counsel's alleged deficient performance prejudiced him. Claim 2 is therefore DENIED.

For these reasons, the Petition is DENIED.

IT IS SO ORDERED this 16th of November 2018.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT COURT